UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11015RCL

THOMAS S. McCLOSKEY and
KEVIN P. McCLOSKEY
Co-Administrators of the Estate of Philip McCloskey
   Plaintiffs

VS.

ROBERT S. MUELLER, III, As He is Director of The
Federal Bureau of Investigation,
THE FEDERAL BUREAU OF INVESTIGATION,
WILLIAM H. ANDERSON, Individually and as an
employee of The Federal Bureau of Investigation,
THE UNITED STATES OF AMERICA and
GARY LEE SAMPSON,
   Defendants

## COMPLAINT AND CLAIM FOR TRIAL BY JURY

### GENERAL ALLEGATIONS

1.) This is a complaint seeking compensatory and punitive damages as well as costs and expenses suffered and incurred by the Estate of Philip McCloskey for the wrongful death of the said Philip McCloskey on or about July 24, 2001.

2.) Philip McCloskey was murdered on said date by an individual named Gary Lee Sampson who is a named defendant in this case.

### JURISDICTION

3.) Jurisdiction is conferred on this Court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and §2671, et. seq. This is a wrongful death claim asserted against the United States of America and the named defendants arising

out of the antecedent negligence of the United States of America, its agents, servants and employees and the direct negligence and subsequent intentional subterfuge and cover up by the named defendant, William H. Anderson and the Federal Bureau of Investigation as well as the acts of defendant, Gary Lee Sampson.

4.) Further, jurisdiction is conferred upon this Court through the application of Title 42 U.S.C. §1983. This Court also has pendent jurisdiction over the wrongful death claims arising under and being prosecuted pursuant to applicable state law, M.G.L. Chapter 229 §2 and M.G.L. Chapter 229 §6.

## PARTIES

5.) Robert S. Mueller, III is the duly appointed Director of the Federal Bureau of Investigation maintaining a usual place of business at 935 Pennsylvania Avenue, N.W., Washington, D.C.

6.) William H. Anderson was at all times material hereto an employee working in the Federal Bureau of Investigation. He is the named individual defendant and resides at an address presently unknown to the plaintiffs. At all times material hereto, he was an employee working for the Federal Bureau of Investigation, Boston Office. He is responsible for his tortious conduct individually unless and until his status as a federal employee whose conduct occurred while acting within the scope of his office or employment is acknowledged. Title 28 U.S.C. §2679(b)(1). The defendant, Anderson, is liable for his acts and omissions set forth herein until and unless he is certified by the Attorney General or his delegate

as an individual who was acting within the scope of his authority as set forth above. Title 28 U.S.C. §2679(d)(1).

7.) The United States of America is the sovereign entity whose agents, servants and employees, being defendant Robert S. Mueller, III and defendant William H. Anderson were acting for and on behalf of. The United States of America is responsible for the direct and indirect damages arising out of the tortious conduct of its agents, servants and employees aforesaid.

8.) Gary Lee Sampson is presently an inmate in the care, custody and control of the Bureau of Prisons serving a sentence wherein he was sentenced to death after trial by jury for the murder of the plaintiffs' decedent, Philip McCloskey.

9.) Thomas S. McCloskey and Kevin P. McCloskey are the duly appointed co-administrators of the Estate of the said Philip McCloskey. A copy of the appointment and letters testamentary acknowledging and appointing the plaintiffs as representatives of the Estate are annexed hereto as Exhibit #1.

## NOTICE

10.) Notice to the United States of America as required pursuant to the Federal Tort Claims Act Title 28 U.S.C. §1346(b) and Title 28 U.S.C. §2671 and 26 C.F.R. §14.2(2) was provided to the defendants on July 3, 2003 by notice. A copy of said notice is annexed hereto as Exhibit #2.

11.) On July 29, 2003 Associate General Counsel requested additional documentation on said notice. A copy of the letter is annexed hereto as Exhibit #3.

12.) On August 28, 2003 additional documentation was provided as requested along with the federal form captioned "Claim for Damage, Injury or Death." A copy is

annexed hereto as Exhibit #4 along with additional documentation of counsel's representation and authorization to represent the Estate as requested is annexed hereto as Exhibit #5.

## FACTUAL ALLEGATIONS

13.) On or about July 24, 2001, Philip McCloskey was abducted, kidnapped and murdered by defendant, Gary Lee Sampson. The local and state police investigated this homicide along with two other murders of two other victims who were killed by Sampson during an extended "killing spree."

14.) Sampson, at the time of his arrest on July 31, 2001, alleged that he placed a telephone call to the Federal Bureau of Investigation, Boston Office, on July 23, 2001. Sampson claimed that he was a federal fugitive wanted for armed robbery and wanted to turn himself in. The Federal Bureau of Investigation representatives denied that any such call was placed and confirmed that there was no evidence thereof.

15.) In fact, an employee of the Federal Bureau of Investigation, individual defendant, William H. Anderson, did answer the telephone at the Boston Office of the Federal Bureau of Investigation and spoke with Sampson. Sampson identified himself and told Anderson that he was a fugitive, wanted for several bank robberies and that he was in the Town of Abington and wanted the Federal Bureau of Investigation to come and take him into custody.

16.) Rather than place in motion the process to apprehend violent fugitive Sampson, Anderson instead disconnected the call. Sampson did not call back.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280 / (508) 580-6186

17.) Although Sampson waited in Abington for several hours, the Federal Bureau of Investigation never came to take him into custody nor was any subsequent effort undertaken by Anderson to reconnect the call or further investigate or report the existence of fugitive Sampson or his request to any superiors.

18.) The following day, defendant Sampson abducted and murdered the plaintiffs' decedent. He then murdered two other individuals until he was finally apprehended on July 31, 2001 when he revealed his purported phone call during his confession.

19.) The Federal Bureau of Investigation became involved in this investigation at the request of then District Attorney Michael Sullivan who is presently the United States Attorney for the Massachusetts District. The reason the Federal Bureau of Investigation became involved in the investigation is because it was potentially a "death penalty case." The Federal Bureau of Investigation denied that it had any evidence indicating that any such call was ever placed from a public pay phone in Abington or that any call was received from Sampson as he initially alleged. (reference August 2, 2001 *Boston Herald* reporting in part);

> "Gail Marcinkiewicz, a spokeswoman for the FBI in Boston, said the probe 'to date' has found no evidence the accused triple-murderer who could ultimately face the death penalty-made the call July 24 (sic) from an Abington pay phone as he claimed, but it will be several days before the investigation is completed." (annexed hereto as Exhibit #6).

20.) On September 15, 2001, the *Boston Globe* reported;

> "The FBI issued a statement 'confirming' that Gary Sampson placed the telephone call to the Boston office the day before he allegedly went on a rampage that left three people dead." (annexed hereto as Exhibit #7).

21.) On October 30, 2001, Anderson was asked by an FBI investigator whether he had received a telephone call described by Sampson. Once again, Anderson denied receiving any such call and he submitted a sworn affidavit.

22.) In his October affidavit, Anderson, once again, intentionally and falsely claimed that he had not received any such telephone call on July 23rd from any individual seeking to surrender himself to federal custody.

23.) Subsequent interrogation revealed, in fact, that Anderson was lying. On December 12, 2001, Anderson was given a polygraph examination. Once again, he denied receiving any telephone call and persisted in his cover-up. When confronted by the results of the polygraph test that revealed deception he finally admitted that he did, in fact, receive the call and that his October 30, 2001 affidavit was false along with all of his other statements.

24.) Anderson, in fact, did receive the telephone call from the pay phone in Abington which call was placed by Sampson. Anderson hung up the telephone and/or disconnected the call intentionally or recklessly and negligently thereby terminating contact with Sampson and the authorities.

25.) Anderson did not report this call to an agent or supervisor nor did he call any district attorney or local police department to report the identity of the fugitive or the whereabouts of Sampson.

26.) Anderson was not supervised nor were there records kept that were subjected to regular scrutiny or monitoring. Anderson did not attempt to track and trace the telephone call nor did he attempt to reconnect the contact with Sampson. Further,

the equipment that Anderson was utilizing either did not permit the track and trace of the call that would allow ready reconnect or Anderson was not properly trained in its use.

27.) Anderson was using telephone equipment that was unable to track and trace as indicated above nor was he adequately trained, educated, instructed, advised or supervised prior to or during his employ on the practice and procedures to be implemented in the event of a receipt of such a phone call from a violent fugitive seeking to surrender and the procedure to be followed in the event of a premature termination of the call.

28.) The Federal Bureau of Investigation did not adequately train, instruct and/or supervise Anderson as its agent and/or employee in the practice and procedures to be implemented in the event of such contact and an inadvertent or intentional termination of a phone placed by a violent fugitive seeking to surrender himself to federal custody.

## COUNT I
### (FTCA-Negligence)

29.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-28 as if specifically repeated and set forth herein.

30.) By the actions set forth above, the defendant, William H. Anderson, did negligently, recklessly and carelessly fail to insure the apprehension of a violent fugitive who sought to surrender to the authorities.

31.) The defendant, Anderson, had a duty to the plaintiffs' decedent and other law abiding citizens to provide adequate response and/or implementation of reasonable steps to insure the safety of the plaintiffs' decedent by the reasonably

swift apprehension of a violent fugitive seeking to surrender to the authorities, in this case, Gary Lee Sampson.

32.) Defendant, Anderson's conduct, in intentionally or recklessly or negligently terminating the telephone call violated the plaintiffs' decedent's constitutionally protected rights to be free from the deprivation of his life and liberty pursuant to the rights and privileges of a citizen and was a clear failure to protect the plaintiffs' decedent from the violence of a violent fugitive which conduct was reasonably foreseeable.

33.) As a direct and proximate result of the negligent and/or reckless conduct of defendant, Anderson, while acting within the scope of his employ for the Federal Bureau of Investigation and the United States of America, the plaintiffs' decedent was abducted and brutally murdered by fugitive, Gary Lee Sampson.

34.) WHEREFORE judgment is sought against the following defendants as set forth herein with interest and costs of suit thereon;

    A.) **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    B.) **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    C.) **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280 / (508) 580-6186

## COUNT II
## (Title 42 §1983)

35.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-34 as if specifically repeated and set forth herein.

36.) As a direct and proximate result of the intentional and/or reckless conduct of the defendant, Anderson, the plaintiffs' decedent was placed in a position of state created danger in that once Anderson was contacted as a representative of the Federal Bureau of Investigation by a violent fugitive seeking to surrender himself to the authorities, he had an affirmative duty to insure the reasonably swift apprehension of the fugitive. His intentional and/or reckless failure to do so coupled by his total indifference to the risk that he created thereby to the citizens of the Commonwealth of Massachusetts, including the plaintiffs' decedent, was a clear enhancement of the danger to which the plaintiffs' decedent was exposed and constituted a breach of his duty to protect the citizens, including the plaintiffs' decedent from violent fugitives of which Sampson was one.

37.) WHEREFORE in accordance with Title 42 U.S.C. §1983, the defendant, Anderson, was acting under color of state law and did cause a subject and citizen who was in the class of reasonably foreseeable victims within the zone of the state-created danger to be abducted and murdered thereby depriving him of his life and liberty, claim is made for damages arising out of the loss of his life and liberty with interest and costs of suit thereon and this Court as set forth against the defendants herein;

    A.)    **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    B.)    **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    C.)    **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

## COUNT III
### (Title 42 §1983)

38.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-37 as if specifically repeated and set forth herein.

39.) The clear indifference and pattern of deliberate indifference coupled with inadequate training, supervision and use of inadequate technology in the important position occupied by William H. Anderson as an employee, agent and servant of the Federal Bureau of Investigation and the United States of America constitute a clear violation of Title 42 §1983 wherein the plaintiffs' decedent lost his life and liberty at the hands of Gary Lee Sampson, a violent fugitive who sought to turn himself in to the authorities.

40.) WHEREFORE the plaintiffs demand judgment against the defendants as set forth below with interest and costs of suit thereon;

    A.)    **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    B.)    **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280 / (508) 580-6186

C.) **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

### COUNT IV
### Compensatory Damages
### (M.G.L. Chapter 229 §1, et. seq.)

41.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-40 as if specifically repeated and set forth herein.

42.) This claim is asserted against the defendants named herein and arise out of the prosecution of the plaintiffs' cause of action for the wrongful death of the plaintiffs' decedent in accordance with applicable Massachusetts state law, M.G.L. Chapter 229 §2 over which this Court has pendent jurisdiction.

43.) By his intentional and/or negligent or reckless conduct, the said William H. Anderson, set in motion a sequence of events that was reasonably foreseeable in that the violent fugitive, Gary Lee Sampson, did abduct, rob and kill the plaintiffs' decedent.

44.) By neglecting and failing to insure that reasonable efforts were taken to apprehend the fugitive and by failing to report the call to any law enforcement officer, department or supervisor and because of his inadequate training and supervision as well as inadequate technically inferior equipment, Anderson did then and there, through the intentional cover-up with the knowledge and understanding of the Federal Bureau of Investigation, did set in motion a

sequence of foreseeable events that caused the death of the plaintiffs' decedent at the hands of Gary Lee Sampson, a violent fugitive.

45.) WHEREFORE claim is brought for damages arising out of the plaintiffs' decedent's wrongful death pursuant to M.G.L. Chapter 229 §2 with interest and costs of suit thereon.

46.) This claim is brought pursuant to M.G.L. Chapter 229 §2 alleging that the defendants, as set forth herein, are liable in damages in the amount of;

   1.) The fair monetary value of the decedent to the persons entitled to receive the damage as recovered as provided in §1 of M.G.L. Chapter 229 including but not limited to compensation for the loss or reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered;

   2.) The reasonable funeral and burial expenses of the decedent.

   3.) Punitive damages in an amount not less than ($5000.00) five thousand dollars in a case such as this where the decedent's death was caused by the malicious, willful, wanton or reckless conduct of the defendant or the gross negligence of the defendant.

47.) WHEREFORE claim is brought for damages arising out of the plaintiffs' decedent's wrongful death pursuant to M.G.L. Chapter 229 §2 with interest and costs of suit thereon against;

   A.) **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

B.) **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

C.) **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

**COUNT V**
**(Conscious Pain and Suffering)**
**(M.G.L. Chapter 229 §6)**

48.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-47 as if specifically repeated and set forth herein.

49.) As a direct and proximate result of the negligent, reckless conduct of the defendant, William H. Anderson and the Federal Bureau of Investigation and the United States of America, the plaintiffs' decedent suffered great pain of body and mind in the course of his murder at the hands of violent fugitive, Gary Lee Sampson.

50.) This Count is brought pursuant to the applicable state law and M.G.L. Chapter 229 §6 for the benefit of the Estate of Philip McCloskey for his conscious pain and suffering suffered by him in the course of his brutal murder.

51.) WHEREFORE the plaintiffs demand judgment against the defendants with interest and costs of suit thereon against the defendants as set forth herein;

A.) **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

B.) **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    C.)    **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

**COUNT VI**
**(Punitive Damages)**
**(M.G.L. Chapter 229 §6)**

52.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-51 as if specifically repeated and set forth herein.

53.) This Count seeks punitive damages under the applicable state law and M.G.L. Chapter 229 §6.

54.) The conduct of said William H. Anderson, including the intentional and/or reckless termination of the telephone call from the violent fugitive, Gary Lee Sampson coupled with the clear animus and scienter indicative of that intent and malicious indifference and disregard of his duty and obligation to the plaintiffs' decedent and the citizens of this Commonwealth as displayed in the months of lies and cover-up showed willful, wanton and reckless misconduct on the part of the said, William H. Anderson.

55.) The inadequate supervision and culpability and Anderson's cover-up as well as his employment status, acting for and in the course of his employment on behalf of the Federal Bureau of Investigation and the United States of America renders the said William H. Anderson and the Federal Bureau of Investigation and the United States of America liable for punitive damages.

56.) WHEREFORE judgment is demanded with interest and costs of suit thereon for punitive damages as determined by the jury with attorney's fees against the defendants as set forth herein;

    A.) **William H. Anderson** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    B.) **United States of America** in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

    C.) **Robert S. Mueller, III** in his capacity as the head of the Federal Bureau of Investigation in the amount of ($10,000,000.00) ten million dollars with interest and costs of suit thereon.

## COUNT VII
### (Pendent Jurisdiction-Massachusetts Wrongful Death

57.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-56 as if specifically repeated and set forth herein.

58.) Gary Lee Sampson is presently an inmate in the care, custody and control of the Bureau of Prisons serving a sentence wherein he was sentenced to death after trial by jury for the murder of the plaintiffs' decedent, Philip McCloskey.

59.) On July 24, 2001, the said Gary Lee Sampson did abduct and kill the plaintiffs' decedent, Philip McCloskey.

60.) This Court has pendent jurisdiction over all state claims that are subservient to the federal cause of action. In the interest of judicial economy and due to the intertwining of the defendant, Gary Lee Sampson, with the allegations asserted

against the federal government and related defendants this Court has jurisdiction pendent to the state claims as set forth herein.

61.) WHEREFORE the plaintiffs demand judgment against the defendant, Gary Lee Sampson, in the amount of $25,000,000.00 with interest and costs of suit thereon.

### COUNT VIII
### Compensatory Damages
### (M.G.L. Chapter 229 §1, et. seq.)

62.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-61 as if specifically repeated and set forth herein.

63.) This claim is asserted against the defendant, Gary Lee Sampson, and arises out of the prosecution of the plaintiffs' cause of action for the wrongful death of the plaintiff's decedent in accordance with applicable Massachusetts state law, M.G.L. Chapter 229 §2 over which this Court has pendent jurisdiction.

64.) This claim is brought pursuant to M.G.L. Chapter 229 §2 alleging that the defendant, Gary Lee Sampson, is liable in damages in the amount of;

  1.) The fair monetary value of the decedent to the persons entitled to receive the damage as recovered as provided in §1 of M.G.L. Chapter 229 including but not limited to compensation for the loss or reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered;

  2.) The reasonable funeral and burial expenses of the decedent.

  3.) Punitive damages in an amount not less than ($5000.00) five thousand dollars in a case such as this where the decedent's death was caused by the

malicious, willful, wanton or reckless conduct of the defendant or the gross negligence of the defendant.

65.) WHEREFORE the plaintiffs demand judgment against the defendant, Gary Lee Sampson, in the amount of $25,000,000.00 with interest and costs of suit thereon.

## COUNT IX
### (Conscious Pain and Suffering)
### (M.G.L. Chapter 229 §6)

66.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-65 as if specifically repeated and set forth herein.

67.) As a direct and proximate result of the negligent, reckless conduct of the defendant, Gary Lee Sampson, the plaintiffs' decedent suffered great pain of body and mind in the course of his murder at the hands of said defendant, Gary Lee Sampson.

68.) This Count is brought pursuant to the applicable state law and M.G.L. Chapter 229 §6 for the benefit of the Estate of Philip McCloskey for his conscious pain and suffering suffered by him in the course of his brutal murder.

69.) WHEREFORE the plaintiffs demand judgment against the defendant, Gary Lee Sampson, in the amount of $25,000,000.00 with interest and costs of suit thereon.

## COUNT X
### (Punitive Damages)
### (M.G.L. Chapter 229 §6)

70.) The plaintiffs repeat and reallege the allegations set forth herein from paragraph 1-69 as if specifically repeated and set forth herein.

71.) This Count seeks punitive damages under the applicable state law and M.G.L. Chapter 229 §6.

72.) On July 24, 2001, the said Gary Lee Sampson did abduct and kill the plaintiffs' decedent, Philip McCloskey.

73.) This Court has pendent jurisdiction over all state claims that are subservient to the federal cause of action. In the interest of judicial economy and due to the intertwining of the defendant, Gary Lee Sampson, with the allegations asserted against the federal government and related defendants this Court has jurisdiction pendent to the state claims as set forth herein.

74.) WHEREFORE judgment is demanded for punitive damages as determined by the jury with attorney's fees against the defendant, Gary Lee Sampson, in the amount of $25,000,000.00 with interest and costs of suit thereon.

Thomas S. McCloskey and Kevin P. McCloskey
Co-Administrators of the Estate of Philip McCloskey,
By their attorney

Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301
(508) 583-4280
BBO #414160