SCANNED
DATE: 06/02/04
BY: Sky

FILED
CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUN 22 P 12: 15

U.S. DISTRICT COURT
DISTRICT OF MASS.

THOMAS S. McCLOSKEY, ET AL.,
      PLAINTIFFS,

VS.

CIVIL CASE NO. 04-11015-RCL

ROBERT S. MUELLER, III, AS HE IS
DIRECTOR OF THE FEDERAL BUREAU OF
INVESTIGATION, ET AL.,
      DEFENDANTS.

### DEFENDANT GARY LEE SAMPSON'S ANSWER TO AMENDED COMPLAINT

COMES NOW Gary Lee Sampson, (who is unrepresented by counsel in this matter) a defendant in this action who answer's as follows, to wit:

1.   Mr Sampson does not possess sufficient information on this general allegation contained in paragraph (1) of the AMENDED COMPLAINT, therefore the allegation in this paragraph (1) are denied.

2.   The allegation contained in paragraph (2) of the AMENDED COMPLAINT is denied.

3.   Mr. Sampson disputes the asserion of jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(6) and §2671 et seq. As he is not now, nor has he ever been an employee or agent of the United States Government. Paragraph (3) of the complaint is hereby denied.

4.   Mr. Sampson disputes that this court has jurisdiction pursuant to title 42 U.S.C. §1983 as he is not now, nor has he ever been in a position of authority under colors of state law. Paragraph (4) of the AMENDED COMPLAINT is also denied.

5.   Mr. Sampson does not possess personal information about this party, he therefore disputes and/or denies the allegation in parapraph (5) of the AMENDED COMPLAINT.

1.

6. Mr. Sampson does not possess any personal knowledge or information about that party. He therefore disputes and/or denies the allegations in paragraph (6) of the AMENDED COMPLAINT

7. Mr. Sampson ha no personal knowledge or information about any agents of the United States Government. he therefore disputes and/or denies the allegations set forth in paragraph (7) of the AMENDED COMPLAINT

8. Mr. Smapson admit's that he is currently an inmate within the Bureau of Prisons (BOP). All other allegations contained in paragraph (8) of the AMENDED COMPLAINT are denied.

9. Mr. Sampson has insufficient information to determine the accuracy of the allegations contained in paragraph (9) of the AMENDED COMPLAINT, and they are therefore denied.

10. Mr. Sampson has insufficient information to determine the accuracy of the allegation contained in paragraph (10) of the AMENDED COMPLAINT, and they are therefore denied.

11. Mr. Sampson has insufficient information to determine the accuracy of the allegation contained in paragraph (11) of the AMENDED COMPLAINT, and they are therefore denied.

12. Mr. Sampson has insufficient information to determine the accuracy of the allegations contained in paragraph (12) of the AMENDED COMPLAINT and they are therefore denied.

13. The allegation contained in paragraph (13) of the AMENDED COMPLAINT are denied.

14. The allegations contained in paragraph (14) of the AMENDED COMPLAINT are denied.

15) THROUGH 47) Mr. Sampson denies each and every allegation contained in paragraphs 15) through 47 of the AMENDED COMPLAINT

48) THROUGH 51.) Mr. Sampson denies each and every allegation contained in paragraph 48) through 51) of the AMENDED COMPLAINT

52) THROUGH 56.C.) Mr. Sampson denies each and every allegation contained in paragraphs 52) through 61) of the AMENDED COMPLAINT

62) THROUGH 74) Mr. Sampson denies the allegations contained in paragraphs 62) through 74) of the AMENDED COMPLAINT

75. Defendant Gary Lee Sampson raises the following defenses, to wit:

2.

   A.   The plaintiff(s) have failed to properly serve Mr. Sampson in violation of Federal Rules of Civil procedure, Rule 4(d)(1)(2);
   B.   The plaintiff(s) have not established subject matter jurisdiction;
   C.   Lack of personal jurisdiction;
   D.   Failure to establish venue pursuant to Title 28 U.S.C. § 1391;
   E.   The palintiff(s) have failed to establish diversity of citizenship, anount of controversy or cost pursuant to title 28 U.S.C. 1332;
   ~~F.~~
   G.   Failure to state a claim upon which relief can be granted;
   H.   Any and all other defenses' to which Mr. Sampson may be entitled.

   76) Mr. Sampson request attorney's fee and cost from the plaintiff(s).

   77) Mr. Sampson request a judgment against the plaintiff(s); that they take nothing as a result of their allegation, and that a judgment in his favor be entered.

**JUNE 15, 2004**

/S/ *Gary Lee Sampson*
Gary Lee Sampson
USP/Reg. No. 23976-038
P.O. Box 33
Terre haute, Ind. 47808-0033

This 17th day of June, 2004
B/Shl, Notary
Vigo County, In
Commission expires
3. 4/5/2012

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN 22 P 12: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

THOMAS S. McCLOSKEY, ET AL.,

    PLAINTIFFS,

VS.

ROBERT S. MUELLER, III, AS HE IS
DIRECTOR OF THE FEDERAL BUREAU OF
INVESTIGATION, ET AL.,

    DEFENDANTS.

CIVIL CASE NO. 04-11015-RCL

DEFENDANT GARY LEE SAMPSON'S ANSWER
TO AMENDED COMPLAINT

COMES NOW Gary Lee Sampson, (who is unrepresented by counsel in this matter) a defendant in this action who answer's as follows, to wit:

1. Mr Sampson does not possess sufficient information on this general allegation contained in paragraph (1) of the AMENDED COMPLAINT, therefore the allegation in this paragraph (1) are denied.

2. The allegation contained in paragraph (2) of the AMENDED COMPLAINT is denied.

3. Mr. Sampson disputes the asserion of jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(6) and §2671 et seq. As he is not now, nor has he ever been an employee or agent of the United States Government. Paragraph (3) of the complaint is hereby denied.

4. Mr. Sampson disputes that this court has jurisdiction pursuant to title 42 U.S.C. §1983 as he is not now, nor has he ever been in a position of authority under colors of state law. Paragraph (4) of the AMENDED COMPLAINT is also denied.

5. Mr. Sampson does not possess personal information about this party, he therefore disputes and/or denies the allegation in parapparagraph (5) of the AMENDED COMPLAINT.

1.

6. Mr. Sampson does not possess any personal knowledge or information about that party. He therefore disputes and/or denies the allegations in paragraph (6) of the AMENDED COMPLAINT

7. Mr. Sampson ha no personal knowledge or information about any agents of the United States Government. he therefore disputes and/or denies the allegations set forth in paragraph (7) of the AMENDED COMPLAINT

8. Mr. Smapson admit's that he is currently an inmate within the Bureau of Prisons (BOP). All other allegations contained in paragraph (8) of the AMENDED COMPLAINT are denied.

9. Mr. Sampson has insufficient information to determine the accuracy of the allegations contained in paragraph (9) of the AMENDED COMPLAINT, and they are therefore denied.

10. Mr. Sampson has insufficient information to determine the accuracy of the allegation contained in paragraph (10) of the AMENDED COMPLAINT, and they are therefore denied.

11. Mr. Sampson has insufficient information to determine the accuracy of the allegation contained in paragraph (11) of the AMENDED COMPLAINT, and they are therefore denied.

12. Mr. Sampson has insufficient information to determine the accuracy of the allegations contained in paragraph (12) of the AMENDED COMPLAINT and they are therefore denied.

13. The allegation contained in paragraph (13) of the AMENDED COMPLAINT are denied.

14. The allegations contained in paragraph (14) of the AMENDED COMPLAINT are denied.

15) THROUGH 47) Mr. Sampson denies each and every allegation contained in paragraphs 15) through 47 of the AMENDED COMPLAINT

48) THROUGH 51.) Mr. Sampson denies each and every allegation contained in paragraph 48) through 51) of the AMENDED COMPLAINT

52) THROUGH 56.C.) Mr. Sampson denies each and every allegation contained in paragraphs 52) through 61) of the AMENDED COMPLAINT

62) THROUGH 74) Mr. Sampson denies the allegations contained in paragraphs 62) through 74) of the AMENDED COMPLAINT

75. Defendant Gary Lee Sampson raises the following defenses, to wit:

2.

    A.    The plaintiff(s) have failed to properly serve Mr. Sampson in violation of Federal Rules of Civil procedure, Rule 4(d)(1)(2);

    B.    The plaintiff(s) have not established subject matter jurisdiction;

    C.    Lack of personal jurisdiction;

    D.    Failure to establish venue pursuant to Title 28 U.S.C. § 1391;

    E.    The palintiff(s) have failed to establish diversity of citizenship, anount of controversy or cost pursuant to title 28 U.S.C. 1332;

    G.    Failure to state a claim upon which relief can be granted;

    H.    Any and all other defenses' to which Mr. Sampson may be entitled.

76) Mr. Sampson request attorney's fee and cost from the plaintiff(s).

77) Mr. Sampson request a judgment against the plaintiff(s); that they take nothing as a result of their allegation, and that a judgment in his favor be entered.

JUNE 15, 2004

/S/ *Gary Lee Sampson*
Gary Lee Sampson
USP/Reg. No. 23976-038
P.O. Box 33
Terre haute, Ind. 47808-0033

This 17th day of June, 2004
B/Shl, Notary
Vigo County, In
Commission expires
3. 4/5/2012

CERTIFICATE OF SERVICE

THE UNDERSIGNED DOES ATTEST that on this 15 day of JUNE, 2004, a true and correct copy of the foregoing **NOTIFICATION OF CHANGE OF ADDRESS** was mailed first classs, postage prepaid to:

Kevin Reddington
Attorney At Law
1342 Belmont Street/Suite 302
Brockton, MA 02301

/S/ *Gary Lee Sampson*
Gary Lee Sampson

iii