IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

THOMAS S. McCLOSKEY and )
KEVIN P. McCLOSKEY )
Co-Administrators of the Estate of )
Phillip McCloskey )
        Plaintiffs )
)
v. )    1:04-CV-11015-RCL
)
ROBERT S. MUELLER, III. Director of the )
Federal Bureau of Investigation, )
THE FEDERAL BUREAU OF INVESTIGATION, )
WILLIAM H. ANDERSON, as an employee of the )
Federal Bureau of Investigation and )
THE UNITED STATES OF AMERICA )
        Defendants )

## THE FEDERAL DEFENDANTS' MOTION TO DISMISS

Defendants, the Federal Bureau of Investigation (FBI), Robert S. Mueller, III, in his official capacity as Director of the FBI, William H. Anderson in his official position as an FBI employee at the time in question, and the United States of America (collectively, "the Federal Defendants"), through their attorney, David V. Kirby, Acting United States Attorney, respectfully move this Court to dismiss all claims against them.[1]  Under the Federal Tort Claims Act (FTCA), the only appropriate defendant is the United States, and thus, pursuant to Fed. R. Civ. P. 12(b)(1), all claims under the FTCA brought against all other parties should be dismissed.  The FTCA does not waive sovereign immunity for claims for punitive damages and thus, such claims must be dismissed on jurisdictional grounds.  The Court also lacks jurisdiction to hear and decide

---

[1] Filed herewith is a separate Joint Motion filed by Plaintiffs, the Federal Defendants and William Anderson, *pro se*, to dismiss all claims against Anderson in his individual or personal capacity.

any constitutional claims for money damages brought against the Federal Defendants. As for the FTCA claims against the United States, such claims should be dismissed under either Fed. R. Civ. P. 12(b)(1), lack of jurisdiction, or Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted in that the United States owed no duty of protection to Phillip McCloskey, the decedent. Finally, Plaintiffs cannot establish that the actions of employees of the United States were the proximate cause of decedent's death.

In support of this motion to dismiss, and in accordance with Local Rule 7.1(b), the Federal Defendants submit the following Memorandum of Reasons.

## Memorandum of Reasons

### I. THE ALLEGATIONS OF THE COMPLAINT

On July 23, 2001, Mr. Anderson, a personnel security specialist employed by the Federal Bureau of Investigations (FBI) in Boston, covered the switchboard during the lunch period. During that period Mr. Anderson took a call from Gary Lee Sampson, who allegedly identified himself and told Anderson that he "was a fugitive, wanted for several bank robberies and that he was in the town of Abington and wanted the Federal Bureau of Investigation to come and take him into custody." Amended Complaint at ¶ 15. When attempting to transfer the call to an agent, Mr. Anderson disconnected the call. Sampson did not call back.

Anderson did not report the call to an agent or supervisor, nor did he take steps to trace or track the call. The following day, July 31, 2004, Sampson car-jacked the decedent, Phillip McCloskey, and murdered him. He later murdered two other individuals before being apprehended in Vermont.

Plaintiffs assert six counts against the Federal Defendants. In Counts I and II, Plaintiffs assert a negligence claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, and a civil rights claim under 42 U.S.C. § 1983, each based on Anderson's conduct in disconnecting the call from Sampson and failing to subsequently trace, track or report the call to ensure Sampson's apprehension. Amended Compl. at ¶¶ 29-37. In Count III, Plaintiffs assert another section 1983 claim alleging that a "clear indifference and pattern of deliberate indifference coupled with inadequate training, supervision and use of inadequate technology . . ." violated the decedent's constitutional and civil rights under section 1983. Amended Compl. at ¶¶ 38-40. Counts IV and V set forth negligence claims similar to those in Counts I and II and seek damages for wrongful death and conscious pain and suffering. No federal jurisdiction is asserted for these claims. Amended Compl. at ¶¶ 41-51. They also seek punitive damages, but again no basis for federal jurisdiction is alleged. Amended Complaint at ¶¶ 52-56.[2]

## II. ARGUMENT

### A. The Tort Claims Against the FBI, Robert Meuller and William Anderson in Counts I, IV, V and VI Should Be Dismissed On Jurisdictional Grounds.

Claims against federal agencies or federal employees acting in their official capacities are, in reality, claims against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Indeed, federal agencies cannot be sued for damages *eo nomine* unless Congress expressly consents. *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1951). The United States can only be sued if it has consented to suit. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). With the exception

---

[2] Plaintiffs also assert claims under state law against Gary Lee Sampson. This motion does not address the validity of the claims against Sampson.

3

of their FTCA claims against the United States, Plaintiffs have cited no authority establishing a consent to suit for claims alleged here against the FBI, or Mueller and Anderson in their official capacities.

Regarding Plaintiffs' tort claim, the FTCA is a consent to suit, but only under certain circumstances. *See* 28 U.S.C. §§ 1346(b) and 2671-2860. It is a limited waiver of sovereign immunity permitting suit for recovery of money damages from the federal government for the torts of its employees, with express exceptions and procedural prerequisites. *See id.* §§ 1346(b)(1), 2675, 2679 and 2680. Further, it is an exclusive remedy for claims involving allegations of tortious conduct by a federal employee who was acting within the scope of his employment. 28 U.S.C. § 2679(b)(1).

The Attorney General, by the Acting United States Attorney, has certified, pursuant to 28 U.S.C. § 2679(d), that the individual Federal Defendants were acting within the scope of their employment with the FBI at the time of the incidents alleged in the complaint. When an individual employee is named in his official capacity, upon certification by the Attorney General or his delegate, the United States must be substituted as the party defendant. 28 U.S.C. § 2679(d); 28 C.F.R. § 15.3. (Copies of the Certifications under 28 U.S.C. § 2679(d) for Robert S. Mueller, III and William Anderson are attached hereto). The FTCA also expressly states that it does not make federal agencies amenable to suit. 28 U.S.C. § 2679(a); *Bennett v. Federal Bureau of Invest.*, 278 F.Supp.2d 104, 121 (D. Mass. 2003) (J. Lindsay) (dismissing FBI as defendant and noting United States is the only proper defendant in an FTCA case).

In this case, the United States is a named defendant; thus, no substitution is required. Rather, the Court should simply dismiss the federal agency and the individual defendants from Counts I, IV and V.[3]

### B. The Constitutional Claims in Counts II and III Should be Dismissed for Lack of Jurisdiction.

Plaintiffs asserted 42 U.S.C. § 1983 as a basis for subject matter jurisdiction in Counts II and III. *See* Amended Compl. at ¶¶ 4, 35-40. Their allegations, however, do not concern the deprivation, *under color of any state law*, of any right, privilege or immunity under the Constitution. They concern only the actions or omissions of federal officials employed by the FBI. On its face, section 1983 does not apply to the acts of federal officers or agents.

Although not explicitly set forth in the Complaint, Counts II and III could be construed as claims based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* is the federal counterpart to section 1983. In *Bivens*, the Supreme Court clarified that the Constitution can support a private cause of action against individual federal actors. *Bivens*, however, does not provide a proper basis for a claim against the federal entities named in the present case, nor against the federal officials acting in their official capacities. As noted above, suit against a federal agency or federal officers in their official capacity is a suit against the United States for the purposes of sovereign immunity, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and "the United States may not be sued without its consent and the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212

---

[3] The FTCA thus provides absolute immunity from suit for federal employees acting within the scope of employment. Indeed, the FTCA contains a judgment bar that precludes actions against government employees where a judgment has been issued in favor of the government on an FTCA claim "by reason of the same subject matter." 28 U.S.C. § 2676.

(1983). Although *Bivens* clarified that federal courts have jurisdiction over constitutional claims brought against individual federal officers, *Bivens* did not establish an exception to the federal government's sovereign immunity. *Id.* at 213; *United States v. Testan*, 424 U.S. 392 (1976). Accordingly, Plaintiffs' reliance on the state-created danger theory, which arises under constitutional law, is inapposite and irrelevant to this case.

Counts II and III should be dismissed for lack of jurisdiction.

### C. The Claim For Punitive Damages Must Be Dismissed.

The only basis for federal jurisdiction in this lawsuit is the FTCA, which, as explained above, provides for a remedy against the United States for personal injury or death arising from the negligent conduct of a federal employee acting within the scope of employment. However, the statute expressly prohibits punitive damages. 28 U.S.C. § 2674. Accordingly, this Court lacks jurisdiction to award punitive damages. Count VI should be dismissed.

### D. Plaintiffs Cannot Establish That The United States Owed The Decedent A Duty of Care Under Massachussetts Law, And Therefore, This Court Lacks Subject Matter Jurisdiction; In the Alternative, the FTCA Claims Against The United States Fail To State A Claim for Which Relief Can Be Granted And Should be Dismissed Under Fed. R. Civ. P. 12(b)(6).

Plaintiffs remaining claims are two negligence claims brought under the FTCA: (1) they claim that the alleged negligent conduct of William Anderson in disconnecting the call from Sampson without any follow-up was a proximate cause of the murder of Philip McCloskey;[4] and (2) they claim that the FBI's alleged negligent supervision and training of William Anderson was

---

[4] To the extent that Plaintiffs suggest that Anderson and/or other FBI employees failed in some duty to ensure Sampson's apprehension, their theory infringes on the discretionary function of the agency. Plaintiffs have clearly failed to establish a waiver of sovereign immunity for acts encompassed within an agency's discretionary functions. *See* 28 U.S.C. § 2680(a).

6

a proximate cause of Philip McCloskey's murder. These claims are found in Counts I, IV and V.[5] *See* Amended Compl. at ¶¶ 29-34, 41-51. The FTCA, however, confers jurisdiction on this Court only for torts caused by a federal employee acting within the scope of employment "under circumstances where the United States, *if a private person*, would be liable to the claim in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). *Cf.* 28 U.S.C. § 2674. Thus, to find liability here, Plaintiffs must show that under like circumstances a private individual would be liable.

The existence of analogous liability or an actionable duty is a matter of state law, but because it shapes the contour of the waiver of sovereign immunity, it is a jurisdictional question in this case. In the alternative, should the Court determine the issue is not jurisdictional, the absence of a duty means that Plaintiffs' negligence claims, even viewed in the light most favorable to the Plaintiffs, fail to state a claim for which relief can be granted and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Massachusetts state law governs the liability issue in this case. 28 U.S.C. § 1346(b)(1) (liability under the FTCA is governed by the law of the place where the act or omission occured). Under Massachusetts law, a plaintiff must prove four things to prevail on a negligence claim: "(1) a legal duty owed by defendant to the plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515, 522 (1st Cir. 1990). Absent from Plaintiffs' Complaint, however, is a statement of authority for the proposition that a private person would be liable under Massachusetts law for

---

[5] Although Counts IV and V do not reference it, the FTCA governs any recovery for the wrongful death or other personal injury alleged in this case. 28 U.S.C. § 2679.

the type of non-feasance alleged here, *i.e.*, a failure to protect an individual from harm caused by a third person. The absence of such authority is telling. Plaintiffs cannot establish that a duty of care exists in circumstances similar to those alleged here.

Under the FTCA, a duty of care requires "some relationship between the governmental employee[s] and the plaintiff to which state law would attach a duty of care in purely private circumstances." *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 537 (1st Cir. 1997) (quoting *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994)). Under general common law, there is no duty to protect third persons from harm unless a special relationship exists between the actor and the third person, or a special relationship between the actor and the person causing the harm such that the actor has a duty to control the other's conduct. Restatement 2d Torts § 315. The Comment to the Section 315 of the Restatement explains that an actor is not liable if he fails, "either intentionally or through inadvertence, to exercise his ability so to control the actions of third persons as to protect another from even the most serious harm. This is true although the actor realizes that he has the ability to control the conduct of a third person, and could do so with only the most trivial of efforts and without any inconvenience to himself." *Id.* Comment b.

Derived from this principle is the rule of law that there is no general duty to protect victims of crimes. *Leidy v. Borough of Glenolden*, 277 F. Supp.2d 547, 569 (E.D. Pa. 2003) (recognizing that "a defendant does not ordinarily owe a duty to a plaintiff who is no more a foreseeable victim than the public at large" and holding there was no duty to protect victim of crime). *But see Mulloy v. United States*, 884 F. Supp. 622, 631-32 (D. Mass. 1995)(construing Illinois law and finding that although ordinarily there is no duty to protect others against the criminal acts of third parties, various factors in that case established a duty). The facts of *Mulloy*

8

are distinguishable from those presented here. There, an enlistee with an extensive criminal history joined the Army. Typically, individuals with his criminal history would be screened from enlistment but due to various failures in the screening system when he applied, his status was not detected. The court was swayed by three factors in finding a duty of care existed: the Army affirmatively created conditions under which enlistee was able to rape and murder a spouse of another member of Army; by setting up a screening process, the Army voluntarily assumed a duty to exclude individuals with a criminal history like the enlistee in question; and the Army was in a special relationship with the victim because she was an invitee on military property. 884 F. Supp. at 631-32. Here, there was no duty voluntarily assumed by Anderson or the FBI, nor any affirmative conduct that established a special relationship between Anderson or the FBI and Sampson, or between Anderson, the FBI and Philip McCloskey.

Massachusetts codified the basic common law principle in the law enforcement context. The Massachusetts statutory public duty rule expressly proscribes claims against law enforcement agencies for "failure to provide adequate police protection, . . . identify or apprehend criminals or suspects, arrest or detain suspects or enforce any law . . . ." MASS. GEN. LAWS ch. 258, § 10(h) (2004). The plain language of § 10(h) immunizes public employees "when the criminal acts of a third person are a cause of a plaintiff's harm, and the police were negligent in not preventing that criminal conduct." *Carleton v. Framingham*, 640 N.E.2d 452, 456 (Mass. 1994). Thus, for state or municipal employees, even if law enforcement could have apprehended a criminal defendant prior to the commission of a violent crime, the failure to do so does not make them liable for that crime. *See Ford v. Town of Grafton*, 693 N.E.2d 1047, 1053 (Mass. App. Ct. 1998) ("[W]hile the town might have prevented [the victim's] injuries, its failure

to do so is excluded from liability under the statute."). The application of this law here as an analog precludes liability.

Courts in other jurisdictions have also held that there can be no liability for third party conduct absent a special relationship. A case in the Eighth Circuit is illustrative. In *Bergmann v. United States*, 689 F.2d 789, 796 (8th Cir. 1982), plaintiffs complained that the U.S. Marshals failed to adequately supervise a federally protected witness who, after being relocated in the federal witness protection program, murdered the plaintiffs' decedent. 689 F.2d at 790. Even where there was a relationship between the witness and the federal agency, the court held that it was not the type of relationship that imposed a duty to control the witness. *Id.* at 796-97 ("In the absence of a statute there is no legally enforceable duty on the part of the government to warn or compensate a victim of criminal activity."). The court also held that placing a witness in the witness protection program and relocating him did not increase the risk that he would harm another person to a degree that was unreasonable. *Id.* at 797.

Thus, absent a special relationship with a victim or with a third party causing harm to another, a defendant does not have a duty of care towards the victim of a crime. *Alabama Dep't of Corr. v. Thompson*, 855 So.2d 1016 (Ala. 2003) (cited in *Leidy v. Borough of Glenolden*, 277 F. Supp.2d at 569 n. 22). Plaintiffs here have utterly failed to establish that a special relationship existed between Anderson or anyone at the FBI and Plaintiffs' decedent.[6] Nor have Plaintiffs

---

[6] Nor do the circumstances of Mr. McCloskey's murder fall within a statutory exception to MASS. GEN. LAWS ch. 258, § 10(h). The relevant statutory exception to police immunity conferred by § 10(h) is the "special relationship" provision of MASS. GEN. LAWS ch. 258, § 10(j)(1). *Ford v. Town of Grafton*, 693 N.E.2d 1047, 1053 (Mass. App. Ct. 1998). To qualify under this exception, plaintiff must satisfy a three-part test by showing that: (1) explicit and specific assurances of safety or assistance, (2) were made to the direct victim or a member of his family or household by a public employee, and (3) that the injury resulted in part from reliance

established a special relationship between the FBI and Sampson that required the FBI to control Sampson's conduct. Tragedy struck Philip McCloskey at the hands of Gary Lee Sampson. Unfortunately, Philip McCloskey was no more a foreseeable victim of Sampson's criminal activity than the public at large.

Because the Plaintiffs cannot show that a duty of care existed, they fail to carry their *prima facie* burden in establishing a necessary element of their negligence claims. Accordingly, the Court must dismiss the FTCA claims.

### E.    Sampson's Intentional Criminal Acts Constitute a Superseding Cause of Decedent's Injuries and Any Alleged Negligence by FBI is too Attenuated for the Court to Find Proximate Cause.

Even if the FBI owed a duty of care to McCloskey, and breached that duty, the plaintiff's claim of negligence nonetheless fails as a matter of law because of the lack of proximate cause between the alleged breach of care and the harm. To prove negligence, a plaintiff must show that the negligent conduct was the proximate cause of the injury. *Stamas v. Fanning*, 185 N.E.2d 751, 753 (Mass. 1962) (finding that negligence is without legal consequence unless it is the proximate rather than remote cause of injury). That is, the cause cannot be remote. *Id.* As the *Stamas* court explained: "The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases." *Id.* (quoting *Wallace v. Ludwig*, 198 N.E. 159, 161 (Mass. 1935) (quotations omitted)). Said another way, proximate cause "is that which in a continuous sequence, unbroken by any new cause,

---

on those assurances. *See* MASS. GEN. LAWS ch. 258, § 10(j)(1) (2004). No reasonable reading of Plaintiffs' Amended Complaint establishes any of these three elements.

11

produces an event and without which the event would not have occurred." *Wallace*, 198 N.E. at 161. An intervening cause can disrupt the continuous sequence. There is no proximate cause where an intervening event severs the link between the act and the harm. *Kent v. Commonwealth*, 771 N.E.2d 770, 777 (Mass. 2002) (a court must determine if intervening events have broken the chain of causation, extinguished proximate cause and become a superseding cause).

Under Massachusetts law, the doctrine of proximate cause has evolved to require that a plaintiff establish "first, that the loss was a foreseeable consequence of the defendant's negligence, second, that the defendant's negligence was a but-for cause of the loss, and third, that the defendant's negligence was a substantial factor in bringing about the loss." *Jorgensen*, 905 F.2d at 522.

"Questions of reasonable foreseeability are ordinarily left to the [fact finder], but the judge may properly decide them as a question of law where the harm suffered, although within the range of human experience, is sufficiently remote in everyday life as not to require special precautions. . . ." *Westerback v. Harold F. LeClair Co., Inc.*, 735 N.E.2d 1256, 1258 (Mass. App. Ct. 2000); *accord Jorgensen*, 905 F.2d at 523 ("Although questions concerning what is or is not reasonably foreseeable are typically left to the jury, there are instances when the judge may decide them as a matter of law, where no rational view of the evidence would warrant a finding of negligence.") (quotations omitted). For the reasons outlined below, this Court should decide the question of foreseeability in this case as a matter of law.

Plaintiff's proximate cause claim fails because Gary Sampson's murder of McCloskey was not a foreseeable consequence of the telephone disconnect or a failure to try to reconnect or

otherwise follow-up after that disconnect. Nor is it a foreseeable consequence of the alleged negligent supervision and training. Plaintiffs' theory of proximate cause is wholly speculative and hinges on the assumption that the FBI, in its discretion in determining how and when to prosecute and investigate cases, would have immediately attempted to apprehend Sampson. Yet there is no liability for the FBI's decisions concerning how or when to prosecute or investigate its cases, 28 U.S.C. § 2680(a). To make the proximate cause link between the disconnected call or the failure to supervise Anderson and the murders, Plaintiffs invite the Court into an inquiry over which it has no jurisdiction. Thus, there is a fatal flaw in the chain of events—even if Plaintiffs could establish that the murder was a reasonably foreseeable consequence of a failure to apprehend him based on the phone call, the FBI cannot be held liable for failing to apprehend him. *See Littell v. United States*, 191 F. Supp.2d 1338, 1345 (M.D. Fla. 2002) ("The overwhelming consensus of federal case law establishes that criminal law enforcement decisions–investigative and prosecutorial alike–are discretionary in nature and, therefore, by Congressional mandate, immune from judicial review.") (citing *Attallah v. United States*, 955 F.2d 776, 784 (1st Cir. 1992). The disconnected phone call and the failure to reconnect or report the call do not naturally and probably lead to the murder without an intervening discretionary decision to immediately apprehend.

Plaintiffs also speculate that any attempt to apprehend Sampson would have been fruitful and that Sampson would have, in fact, turned himself in to the FBI prior to the murder of Philip McCloskey. Reasonable foreseeability cannot be based on speculation about what might happen. "The mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of

the court to direct a verdict for the defendant." *Webb v. Haas*, 728 A.2d 1261, 1267 (Me. 1999).

Even beyond these problems with speculation, it is by now well established that

> [t]he act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct should have realized that the likelihood that such a situation might be created thereby and that a third person might avail himself of the opportunity to commit such a tort or crime.

*Bellows v. Worecester Storage Co.*, 7 N.E.2d 588, 592 (Mass. 1937); *accord Westerback*, 735 N.E.2d at 1258 (finding that bar owner was not the proximate cause of bar patron's assault and rape after he allowed her to depart the bar in a visibly intoxicated state).

When Sampson called the Boston FBI office, he "identified himself and told Anderson that he was a fugitive, wanted for several bank robberies and that he was in the town of Abington and wanted the Federal Bureau of Investigation to come and take him into custody." Complaint at ¶15. Nothing in Plaintiffs' complaint supports the conclusion that this brief information gave Anderson reasonable foresight that Sampson was likely the next day to carjack and murder someone. Plaintiffs suggest that Gary Sampson's horrific actions were reasonably foreseeable because at the time of placing his phone call, Sampson was a violent fugitive. However, it is undisputed that Sampson's criminal history did not include murder or any serious injury to individuals. Further, Plaintiffs do not allege that Sampson ever threatened or promised to commit a murder, or that the FBI was knowledgeable about his propensity for murderous acts. Moreover, participation in prior less severe violent acts does not make it foreseeable or likely that a person would commit murder. *United States v. DeLaurentis* 1993 WL 280364, at *34 n.36 (N.D. Ill. July 23, 1993) (use of threats of violence and violence when attempting to and

14

extorting individuals does not mean that the defendant expected or could reasonably have foreseen that crew members would murder victim). Nor is it reasonable to expect that a disconnected phone call would provoke or induce murder.

Public policy considerations firmly support finding no proximate cause in cases of superceding criminal acts. "[T]he issue of foreseeability is largely a policy decision, rather than a question to which objective legal principles can cleanly be applied." *Jorgensen*, 905 F.2d at 523. Thus, the concept of proximate cause is not without substantial bounds. As the Appeals Court of Massachusetts noted in *Westerback*, "[t]here must be limits to the scope or definition of reasonable foreseeability based on considerations of policy and pragmatic judgment." (quoting *Poskus v. Lombardo's of Randolph, Inc.*, 670 N.E.2d 383, 386 (Mass. 1996)) (quotations omitted). Finding law enforcement agencies culpable, based on a disconnected phone call, for the willful intervening criminal acts of third parties would make the police and FBI insurers of safety and the subject of countless more lawsuits. Policy and pragmatism counsel otherwise.

Plaintiffs also cannot satisfy the last two elements of the proximate cause test, *i.e.*, the "actual causation" elements, *Jorgensen*, 905 F.2d at 524. It wasn't the disconnected call or the failure to report that serves as a "but for" cause; nor did the disconnection constitute a substantial factor in the murder of McCloskey. As described above, it is wholly speculative to say that Sampson would have been apprehended prior to the murder of McCloskey had the call not been disconnected. The chain of events Plaintiffs set forth contains too many speculative links to establish a legal nexus between the disconnected phone call or subsequent failure to follow-up and the murder. Proximate cause cannot be based on speculation. *Webb v. Haas*, 728 A.2d at 1267 (state trooper's failure to stop when he saw disabled truck of woman who was abducted

15

from that location and murdered, and subsequent cover-up by state trooper of such failure was not proximate cause of murder).

Rather, Sampson's conduct constituted a superceding criminal act that was the sole cause of Mr. McCloskey's death. In their own complaint, Plaintiffs recognize that it was Sampson and not the FBI who was the direct and proximate cause of decedent's death. See Complaint ¶ 67 ("[A]s a direct and proximate result of the negligent, reckless conduct of the defendant, Garry Lee Sampson, the plaintiff's decedent suffered great pain of body and mind in the course of his murder at the hands of said defendant."). Plaintiffs simply cannot establish that any alleged negligence by the FBI actually or proximately caused McCloskey's murder.

In sum, Plaintiffs cannot satisfy the three-pronged test for proximate cause. The murder of Philip McCloskey was not reasonably foreseeable; the acts and omissions of the FBI did not constitute the but-for cause of the murder; nor did such acts or omissions constitute a substantial factor in the murder.

### III. CONCLUSION

For the above reasons, the Defendant respectfully requests that this Court grant this Motion to Dismiss. The Court lacks jurisdiction over all claims asserted against the FBI, and all claims asserted against both Robert S. Mueller, III and William Anderson in their official capacities. The Court also lacks jurisdiction over the constitutional claims for damages asserted against the United States under 42 U.S.C. § 1983 or its federal corollary, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1991). Furthermore, there is no waiver of sovereign immunity for claims for punitive damages or for any claims based on the FBI's discretionary function in determining when and how to investigate or apprehend Sampson. In addition, as to the FTCA

claims against the United States, Plaintiffs' complaint does not establish that a duty of care was owed to Plaintiffs' decedent. Plaintiffs' tort claims also fails because there is no proximate cause between the alleged negligence and the decedent's death. In sum, all claims asserted against the Federal Defendants should be dismissed.

Dated at Burlington, in the District of Vermont, this 23rd day of September, 2004.

Respectfully submitted,

DAVID V. KIRBY
Acting United States Attorney

By: *(signature)*
CAROL L. SHEA
Special Attorney
Chief, Civil Division
U.S. Attorney's Office
P.O. Box 570
Burlington VT 05402-0570
(802) 951-6725

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the *pro se* parties and the attorney of record for Plaintiffs by regular mail on September 23, 2004.

*(signature)*
Carol L. Shea, Special Attorney

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS S. MCCLOSKEY and )
KEVIN P. MCCLOSKEY, )
Co-Administrators of the Estate of )
Philip McCloskey )
    Plaintiffs )
)
v. )    1:04-CV-11015-RCL
)
ROBERT S. MUELLER, III, Director )
of the Federal Bureau of Investigation; )
THE FEDERAL BUREAU OF )
INVESTIGATION; WILLIAM H. )
ANDERSON, Individually and as an )
employee of the Federal Bureau of )
Investigation; THE UNITED STATES )
OF AMERICA; and GARY LEE )
SAMPSON, )
    Defendants. )

## **CERTIFICATION**

The undersigned hereby certifies, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.3, that I have read the Complaint and attachments thereto and find that the Defendant Robert S. Mueller, III was acting within the scope of his employment with the Federal Bureau of Investigation at the time of the incident out of which the claim arose.

Executed on September 21, 2004.

DAVID V. KIRBY
Acting United States Attorney

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS S. MCCLOSKEY and )
KEVIN P. MCCLOSKEY, )
Co-Administrators of the Estate of )
Philip McCloskey )
    Plaintiffs )
)
)
v. )    1:04-CV-11015-RCL
)
ROBERT S. MUELLER, III, Director )
of the Federal Bureau of Investigation; )
THE FEDERAL BUREAU OF )
INVESTIGATION; WILLIAM H. )
ANDERSON, Individually and as an )
employee of the Federal Bureau of )
Investigation; THE UNITED STATES )
OF AMERICA; and GARY LEE )
SAMPSON, )
    Defendants. )

## **CERTIFICATION**

The undersigned hereby certifies, pursuant to 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.3, that I have read the Complaint and attachments thereto and find that the Defendant William Anderson was acting within the scope of his employment with the Federal Bureau of Investigation at the time of the incident out of which the claim arose.

Executed on July 22, 2004.

DAVID V. KIRBY
Acting United States Attorney