Gary Lee Sampson #23976-038
U.S. Bureau of Prisons
P.O. Box 33
Terre Haute, IN 47808

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Thomas S. McCloskey, and
Kevin P. McCloskey,
        Plaintiffs,

vs.                                Case No. 1:04-CV-11015-RCL

Gary Lee Sampson, et al.,
        Defendants.

**MOTION TO DISMISS ALL CLAIMS AGAINST GARY LEE SAMPSON
AND INCORPORATED MOTION
FOR APPOINTMENT OF COUNSEL TO REPRESENT SAMPSON IN THESE PROCEEDINGS**

The defendant, Gary Lee Sampson, ("Sampson"), respectfully move this Court to dismiss all claims against him in the case sub judice for the following reasons of law:

1. Civil Right Action under §1983

Several federal statutes provide for civil rights lawsuits against state and local officials or government officials. A plaintiff suing under § 1983 must allege two "elements"; "that someone has deprived him of a federal right," and that "the person who has deprived him of that right was acting under color of law." **Gomez v. Toledo,** 446 U.S. 635, 640 (1980). In the present case even if the court was to find that the plaintiffs' were deprived of a federal right the plaintiffs' have failed to satisfy the second prong of the §1983 evaluation to state a viable claim against Samspon, because they have not asserted that Sampson was acting under color of law in the alleged deprivation of a constitutional right.

2. Definition of Acting Under color Of Law

"[G]enerally, a public employee acts under color of law while acting in their official capacity or while exercising their responsibilities pursuant to state or federal authority. **West v. Atkins,** 487 U.S. 42, 50 (1988); accord **Monore v. Pape,** 365 U.S. 167, 184 (1961). People who do not work for state, local or government

1.

agencies, or have not conspired or acted jointly with the same do not act under color of state law or federal authority. **Dennis v. Sparks,** 449 U.S. 24, 27-28 (1980).

The plaintiffs' based on the standard of review under § 1983 have failed to satisfy the applicable test to state a viable claim against Sampson who with perspicuity is not a state or federal actor within the language of that provision. Thereby' no remedy can be found against Sampson even if the court was to determine that he had deprived the plaintiffs' of a right under federal law. **Monell v. Department of Social Services,** 436 U.S. 658, 690 (1978). Further' the plaintiffs' have failed to proffer any "causation" link between the other defendants' who are federal actor(s) within the language of the section 1983 provisions, thereby they have failed to establish subject-matter jurisdiction for this court.

3. Counsel should be appointed to respresent Sampson in both arguments in support of this Motion to Dismiss, as well as in the case sub judice.

On July 25th, 2004 Sampson filed with the court a Motion For Appointment of Counsel, enumerating reasons in support of such appointment which he reiterates in this pleading, as well as other germane factors for the court's consideration which are as follows:

1. The "Complexity and Inchoate" nature of the issues of law to be argued in this case is far beyond Sampson's unlettered knowledge of law, and the exceptional circumstances of this case warrants appointment of counsel.

2. Sampson is indigent and cannot afford to retain counsel; he has only an intermediate education; this case presents extraordinarily complex issues or law and Sampson has absolutely no legal training; that he is housed in the federal death row unit and has extremely limited access to a law library, let alone any knowledge to utilize such.

3. Many judges believe pro se counsel appointment is best evaluated after development of a case, such as after determinations of a Motion to Dismiss or Summary Judgment. The present case is so postulated and in evaluation for Appointment of Counsel weighs in support of such.

4. The ends of justice would best be served through the Court's discretionary exercise of authority to appoint counsel particularly because this is a sui generis case.

**WHEREFORE'** for the foregoing reasons the defendant request this court to dismiss all claims against him, and in the alternative to appoint counsel to represent him for the foregoing enumerated reasons.

2.

Dated: October 4th, 2004.

RESPECTFULLY SUBMITTED,

*Gary Lee Sampson*
Gary Lee Smapson
Defendant/pro se

### DECLARATION UNDER PENALTY OF PERJURY

THE UNDERSIGNED, does attest under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of his knowledge.

*Gary Lee Sampson*
Gary Lee Sampson

### CERTIFICATE OF SERVICE

THE UNDERSINGED, does certify that a true and correct copy of the foregoing Motion To Dismiss And Incorpated Motion For Appointment of Cousel was mailed, postage prepaid to:

Carol L. Shea/Special Attorney
Chief, Civil Department
U.S. Attorney General's Office
P.O. Box 570
Burlington, VT 05402-0570

on this 4th day of October, 2004.

*Gary Lee Sampson*
Gary Lee Sampson
U.S. Bureau of Prisons
P.O. Box 33
Terre haute, IN 47808

3.